**ADANTÉ D. POINTER, ESQ., SBN 236229**
**PATRICK M. BUELNA, ESQ., SBN 317043**
**MARLON L. MONROE, ESQ., SBN 251897**
POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert St., Suite 208,
Oakland, CA 94607
Tel: 510-929-5400
Website: www.LawyersFTP.com
Email: APointer@LawyersFTP.com
Email: PBuelna@LawyersFTP.com
Email: MMarlon@LawyersFTP.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| K.G., a minor, by and through his Guardian Ad Litem, CHARLES BOLTON;<br><br>    Plaintiff,<br>v.<br><br>CITY OF SACRAMENTO a municipal corporation; and DOES 1-50, inclusive.<br>    Defendants. | Case No.:<br><br>COMPLAINT FOR DAMAGES<br>(42 U.S.C. § 1983)<br><br><br>JURY TRIAL DEMANDED |

**INTRODUCTION**

1.    In the evening of April 19, 2025, Plaintiff K.G., who was sixteen years old, was with his two siblings at the Downtown Commons area in Sacramento, California. That same evening, yet-to-be-identified Sacramento Police Officers on bicycles approached K.G. and his siblings and told them that it was almost curfew and they could not leave until the officers knew where their ride was.

2.    In response, K.G. called their guardian, Charles Bolton, who spoke with the officers and advised them that the children were heading towards an Uber that would take them home. The Uber was not at the agreed-upon location, so the children walked to another part of the area to get to it. A different Sacramento police officer stopped the children and said it was past curfew. The children explained that they were headed home and had already spoken with another Sacramento police officer. K.G. began walking towards the Uber when, without reason or provocation, this yet-to-be-identified Sacramento police officer grabbed K.G. and slammed him to the ground.

3.    Inexplicably, the Defendant Doe Officer elected to attack Plaintiff, grabbing him and slamming him to the ground. Plaintiff began bleeding from his nose, an injury caused by the Defendant Doe Officer. Immediately, Mr. Bolton arrived at the scene, and K.G. and his siblings were released to him, with K.G. being cited for violating the city's curfew.

**JURISDICTION**

4.    This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343. The unlawful acts and practices alleged herein occurred in the City and County of Sacramento, which is within this judicial district.

///

///

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

PLAINTIFF's COMPLAINT FOR DAMAGES
**GROVES V. CITY OF SACRAMENTO**

## PARTIES

5.      Plaintiff K.G. (hereinafter "K.G.") is a minor and brings this suit by and through his Guardian ad Litem, CHARLES BOLTON. CHARLES BOLTON is K.G.'s legal guardian.

6.      Defendant CITY OF SACRAMENTO (hereinafter "Defendant City" or "City") is a municipal corporation, duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant City has possessed the power and authority to adopt policies and prescribe rules, regulations, and practices affecting the operation of the City of Sacramento's Police Department and its tactics, methods, practices, customs, and usage. At all relevant times, Defendant City was the employer of DOES 1-50, individually and as peace officers.

7.      Plaintiff is ignorant of the true name and/or capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sue said defendants by such fictitious names. Defendants DOES 1 through 50 are employees of Defendant CITY. Plaintiff will amend this complaint to allege the true names and capacities of Defendants DOES 1 through 50 when ascertained. Plaintiff believes and alleges that each of the Defendants DOES 1-50 are legally responsible and liable for the incident, injuries, and damages hereinafter set forth. Each Defendant DOES 1 through 50 proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management, or control, violation of public policy, and the use of excessive force. Each Defendant DOE 1 through 50 is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care, or control, or upon any other act or omission. Plaintiff will seek leave to amend this complaint to name Defendants DOES 1 through 50 when ascertained.

8.      In doing the acts and/or omissions alleged herein, Defendants DOES 1 through 50 acted within the course and scope of their employment for Defendant CITY.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

9.      In doing the acts and/or omissions alleged herein, Defendants DOES 1 through 50 acted under color of authority and/or under color of law.

10.      Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, and employee and/or in concert with each of said other Defendants herein.

11.      Plaintiff filed a timely government claim with Defendant CITY on October 17, 2025, which was rejected on October 28, 2025.

## FACTUAL ALLEGATIONS

12.      On April 19, 2025, at approximately 9:45 p.m., Plaintiff, who was then 16 years old, was at the Downtown Commons (DOCO) area in Sacramento, California, with his two siblings. That same evening, yet-to-be-identified Sacramento Police officers on bicycles stopped the three children and asked them where their rides were since they were not supposed to be there due to a private event. These officers informed the children that they could not leave until the officers knew where their rides were. One of the officers used K.G.'s phone to call his guardian, Charles Bolton.

13.      After confirming that Mr. Bolton was the children's guardian, the officers confirmed with Mr. Bolton that they were heading home and that he had called an Uber for them, which was waiting nearby. As a result, the officers allowed the boys to be released so that they could go to the Uber waiting for them.

14.      However, the Uber was not waiting in its usual agreed-upon pickup location, so the children had to utilize another route. As they approached the Uber, a different yet-to-be-identified Sacramento police officer stopped them and said they could not go that way due to the curfew in effect. K.G. and his siblings explained to the officer that they spoke to one of his colleagues, who permitted them to head to an Uber after speaking to their guardian. However, this officer would not budge and told them they could not go this direction.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

15.     The boys attempted to head another way to the Uber. As K.G. began walking, this yet-to-be-identified Sacramento police officer grabbed him and unlawfully slammed him to the ground. Without provocation and/or lawful justification, the yet-to-be-identified Sacramento Police Department officers grabbed K.G. and slammed him to the ground, causing his nose to heavily bleed. K.G.'s siblings immediately called their father, reporting that the police had assaulted their brother.

16.     Mr. Bolton arrived at the scene about 10 minutes later and saw K.G. in the back of the patrol vehicle, with his other two children seated on a nearby curb. Despite having an active bloody nose, there was no medical attention rendered to K.G. Additionally, K.G. was cited for violating the city's curfew and was released, along with his siblings, to his father.

17.     Consequently, the 16-year-old Plaintiff suffered psychological damage and traumatization. Because of this incident, K.G. not only sustained a bloody nose, but he will have life-long trauma from this assault on him by a police officer.

**DAMAGES**

18.     As a direct and proximate result of each of the Defendant's use of excessive force against Plaintiff, Plaintiff suffered injuries, emotional distress, fear, terror, anxiety, and a loss of sense of security, dignity, and pride as a United States citizen.

19.     As a direct and proximate result of each of the Defendant's acts and/or omissions as set forth above, Plaintiff sustained the following injuries and damages, past and future, among others:

    a.     Hospital and medical expenses;

    b.     Pain and Suffering, including emotional distress;

    c.     Violation of constitutional rights; and

    d.     All damages, penalties, and attorneys' fees and costs recoverable under 42 U.S.C. §§

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

1983, 1988; and as otherwise allowed under California and United States statutes, codes, and common law.

20.    The conduct of the Defendants 1-50 was malicious, wanton, oppressive, and in reckless disregard of the rights and safety of the Plaintiff and the public. Plaintiff is therefore entitled to an award of punitive damages against Defendants DOES 1-50.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Fourth Amendment—Excessive Force under 42 U.S.C. Section 1983)**
*(PLAINTIFF against Defendants DOES 1-50)*

21.    Plaintiff hereby re-alleges and incorporates each and every paragraph in this Complaint as fully set forth here.

22.    When Defendants DOES 1-50 grabbed Plaintiff and slammed him to the ground, Plaintiff was following the directions from another officer, who allowed him to take an Uber home. Plaintiff was cooperative and did not pose any threat whatsoever to DOES 1-50. Nonetheless, Defendants DOES 1-50elected to brutalize a 16-year-old child, an inexplicable and cruel action well outside the bounds of normal law enforcement action.

23.    Defendants DOES 1-50's use of force was excessive and unreasonable, which violated both their training and Plaintiff's constitutional rights under the Fourth Amendment.

24.    As a result of their conduct, Defendants are liable for Plaintiff's injuries and/or damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SECOND CAUSE OF ACTION
**(Fourth Amendment—False Detention/Arrest under 42 U.S.C. Section 1983)**
*(PLAINTIFF against Defendants DOES 1-50)*

25.    Plaintiff hereby re-alleges and incorporates by reference each and every paragraph in this Complaint as fully set forth here.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

26.    At the time Plaintiff was stopped, he explained to the police officer that another officer had called his guardian and permitted him to take the Uber arranged by his guardian to go home. Defendants DOES 1-50 still arrested Plaintiff, and failed to de-escalate the situation. Instead of letting him walk to his nearby Uber or escorting the children, Defendants chose to assault and arrest a child. Therefore, Defendants DOES 1-50's detention and arrest of Plaintiff was an unlawful seizure that violated Plaintiff's constitutional rights under the Fourth Amendment.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth

### THIRD CAUSE OF ACTION
### (NEGLIGENCE)
*(PLAINTIFF against Defendants CITY and DOES 1-50)*

27.    Plaintiff hereby re-alleges and incorporates each and every paragraph in this Complaint as fully set forth here.

28.    At all times, Defendants DOES 1-50 owed Plaintiff the duty to act with due care in the execution and enforcement of any right, law, or legal obligations.

29.    At all times, Defendants DOES 1-50 owed Plaintiff the duty to act with reasonable care.

30.    These general duties of reasonable care and due care owed to Plaintiff include but are not limited to the following specific obligations:

    a.    To refrain from employing excessive force;

    b.    To refrain from unlawful seizures;

    c.    To refrain from false detentions/arrests;

    d.    To refrain from abusing the authority granted to them by law;

    e.    To refrain from violating Plaintiff's guaranteed rights by the United States and California Constitutions, as set forth above, and as otherwise protected by law;

31.    Defendants, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiff.

32.    Defendant CITY is vicariously liable for the wrongful acts and omissions of its employees and agents pursuant to Cal Gov. Code § 815.2.

33.    As a direct and proximate result of Defendants' negligence, Plaintiff sustained injuries and damages, and against each and every Defendant, is entitled to relief as set forth above.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION
**(Violation of the Bane Act (Cal. Civ. Code § 52.1))**
*(Plaintiff individually against Defendants CITY and DOES 1-50)*

34.    Plaintiff hereby re-alleges and incorporates each and every paragraph in this Complaint as fully set forth here.

35.    Plaintiff brings his "Bane Act" claim individually for direct violation of his own rights.

36.    By their conduct described herein, Defendants DOES 1-50, acting in concert/conspiracy, as described above, violated Plaintiff's rights under California Civil Code § 52.1, and the following clearly established rights under the United States Constitution and the California Constitution:

    a.    Right to be free from excessive force.

    b.    Right to be free from unlawful detention/arrest.

37.    All of Defendants' violations of duties and rights were volitional, intentional acts, done with reckless disregard for Plaintiff's rights; none were accidental or merely negligent.

38.    Defendant CITY is vicariously liable for the violation of rights by its employees and agents pursuant to Cal. Gov. Code § 815.2.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

39.    As a direct and proximate result of Defendants' violations of California Civil Code § 52.1 and of Plaintiff's rights under the United States and California Constitutions, Plaintiff sustained injuries and damages against all Defendants and is entitled to relief as set forth above, including punitive damages against all individual defendants, and including all damages allowed by Cal. Civ. Code §§ 52, 52.1, and California law, not limited to costs, attorneys' fees, treble damages, and civil penalties

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FIFTH CAUSE OF ACTION
### (Battery—CCP § 335.1)
*(Plaintiff individually against Defendants CITY and DOES 1-50)*

40.    Plaintiff hereby re-alleges and incorporates each and every paragraph in this Complaint as fully set forth here.

41.    Defendants DOES 1-50, while working as police officers for the SACRAMENTO POLICE DEPARTMENT and acting within the course and scope of their duties, intentionally injured Plaintiff without a lawful basis.

42.    As a result of Defendants DOES 1-50's use of excessive force, Plaintiff suffered physical injuries. Defendants DOES 1-50 did not have legal justification for using this level of force against Plaintiff, and Defendants DOES 1-50's use of force while carrying out their law enforcement duties was an unreasonable use of force.

43.    As a direct and proximate result of Defendants DOES 1-50's battery of Plaintiff, Plaintiff sustained injuries and damages, and is entitled to relief as set forth above.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### <u>JURY DEMAND</u>

44.    Plaintiff hereby demands a jury trial in this action.

///

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

**PRAYER**

WHEREFORE, Plaintiff prays for relief as follows:

1.      For general damages in a sum to be proven at trial;

2.      For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3.      For punitive damages against Defendants DOES 1-50 in a sum according to proof;

4.      All other damages, penalties, costs, interest, and attorneys' fees as allowed by 42 U.S.C. §§ 1983 and 1988, Cal. Civil Code §§ 52 et seq., 52.1, and as otherwise may be allowed by California and/or federal law;

5.      For the cost of suit herein incurred; and

6.      For such other and further relief as the Court deems just and proper.


Dated:  April 27, 26                    POINTER & BUELNA, LLP
                                        LAWYERS FOR THE PEOPLE

                                        /s/ *Marlon Monroe*
                                        Marlon Monroe
                                        Attorney for PLAINTIFF

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

PLAINTIFF's COMPLAINT FOR DAMAGES
**GROVES V. CITY OF SACRAMENTO**